### RICHMAN v. ROBINSON.

(Supreme Court, Appellate Division, Second Department.    January 12, 1911.)

1. LANDLORD AND TENANT (§ 22*)—LEASE—WRITTEN INSTRUMENT—CONSTRUCTION.

Plaintiff and defendant executed an instrument reciting plaintiff's receipt of $25 as a deposit on a specified store for a term of two years from on or before April 1, 1911, at $500 per year payable in monthly installments in advance, the lease to be signed at a specified time and place, with the privilege of renewal for three years at $600 per year; the premises to be occupied as a drug store. No lease was ever executed, nor did plaintiff tender a lease on the date specified for its execution. *Held*, that the contract was not a lease in itself, but an option for a lease, and hence no action to recover rent could be maintained thereon.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

2. TRIAL (§ 53*)—RECEPTION OF EVIDENCE—PURPOSE.

Where a letter was introduced in evidence without limitation, it might be considered for all purposes, and plaintiff could not limit its bearing to the question of defendant's credibility.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 124, 129; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Louis L. Richman against Julian Robinson. From a Municipal Court judgment dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, CARR, and RICH, JJ.

A. Sidney Galitzka, for appellant.
Hyman Pouker, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.  [1] On the 14th day of December, 1910, the following paper was executed and delivered:

"Coney Island, December 14, 1910.

"Received of J. Robinson C. I—Twenty-five dollar as a Deposit on store 469—Neptune Ave & cor of Richard St Coney Island for the term of Two-years from the time the said store will become vacant on or before April 1st—1911—at the yearly rental of (500) five hundred doll—per year payable in monthly rates in advance. the lease is to be signed at 303 Neptune Ave. on Tuesday Dec 20–1910 also with privilege of renewal of the same lease for another period of 3 years additional to same at the rate of (600) six hundred doll per year to be occupied and used only as a Drug Store.

"[Signed]  L. L. Richman.
"J. Robinson."

The plaintiff claims this constituted a lease, and he brings this action to recover rent for the months of February, March, April, and May, 1911, during which time the defendant has not occupied the premises. It is the contention of the defendant that this did not constitute a lease; that it was merely a receipt for deposit money upon a contract for a lease to be subsequently entered into; and that, the contract never having been performed by the making and delivering of a lease of the premises, he is not liable in this action, and the court below has so held. [2] This view of the matter is sustained by a letter introduced in evidence by the plaintiff, but the latter now urges that this letter was written subsequent to the execution and delivery of the above receipt and cannot be permitted to have any bearing upon the question; that the object of introducing the letter was to show that the defendant was untruthful. The difficulty with this is that the plaintiff introduced the evidence without any suggestion that it was for a limited purpose, and, it being in evidence, the court is bound to give it its proper construction in determining the issues in the case. The effect of this letter is to show that the defendant did not at that time consider the instrument a lease, that he had merely made a deposit upon a contract for a lease to be entered into at a subsequent date, and we are of the opinion that the learned court below has properly decided that the plaintiff is not entitled to recover. If the plaintiff had tendered a lease of the premises on the day specified for delivering the lease, and the defendant had refused to accept such lease, there would have been a cause of action, perhaps, for damages sustained by reason of the refusal to fulfill the contract; but no such condition exists, and, the intention of the parties being clear, it follows that the judgment appealed from should not be disturbed.

The judgment of the Municipal Court should be affirmed, with costs. All concur.